PD-0885&0886-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 5:11:19 PM
Accepted 7/29/2015 11:30:56 AM
ABEL ACOSTA
CLERK

No. PD-0885-15
No. PD-0886-15

In the
Court of Criminal Appeals
At Austin

◆

## No. 04-14-00878-CR
## No. 04-14-00879-CR

In the
Court of Appeals
for the
Fourth District of Texas
at San Antonio

◆

## No. 2013CR10841W
## No. 2013CR10842W

In the 437th District Court
Bexar County, Texas

◆

## MATTHEW DOUGLAS HAYES
*Appellant*
V.
## THE STATE OF TEXAS
*Appellee*

◆

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

July 29, 2015

ABEL ACOSTA, CLERK

MANDY MILLER
Attorney for Matthew Dougas Hayes
State Bar No: 24055561
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
(832) 900-9884
Fax: (877) 904-6846
mandy@mandymillerlegal.com

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 68.4(d), appellant requests oral argument. The Fourth Court of Appeals' order dismissing appellant's appeals conflicts with cases from another jurisdiction. Refusing to allow appellant to appeal issues raised in his motions for new trial deprives appellant of meaningful appellate review and denies him due process and due course of law. Oral argument will aide this Court in answering any questions which may arise.

i

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 68.4(a), a complete list of the names of all interested parties is provided below.

Counsel for the State:
101 W Nueva, Floor 4
San Antonio, TX 78205

**Nicholas LaHood** — District Attorney of Harris County

**Amanda Byrd** — Assistant District Attorney on appeal

**Miguel Najera** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Matthew Douglas Hayes**

Counsel for Appellant:

**L. Michael Cohen** — Counsel at trial
1610 Broadway Street
San Antonio, TX 78215

**Mandy Miller** — Counsel on appeal
2910 Commercial Center Blvd, Ste. 103-201
Katy, TX 77494

Trial Judge:         **Hon. Lori I. Valenzuela**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.................................................. i

IDENTIFICATION OF THE PARTIES.......................................................... ii

TABLE OF CONTENTS ........................................................................... iii

INDEX OF AUTHORITIES ...................................................................... iv

STATEMENT OF THE CASE..................................................................... 1

GROUNDS FOR REVIEW ........................................................................ 2

When a defendant waives his right of appeal as part of a plea bargain, does he also waive his right to appeal the denial of a motion for new trial when he did not also waive his right to raise points of error in a motion for new trial? ............................. 2

CERTIFICATE OF SERVICE.................................................................... 6

# INDEX OF AUTHORITIES

## CASES

*Davis v. State,*
   832 S.W.2d 356 (Tex. App.--Dallas 1992, no pet.)..................................................2

*Ex parte McGowen,*
   645 S.W.2d 286 (Tex. Cr. App. 1983) .................................................................4

*Ex parte Powell,*
   558 S.W.2d 480 (Tex. Cr. App. 1977) .................................................................4

*Ex parte Williams,*
   703 S.W.2d 674 (Tex. Crim. App. 1986)..............................................................4

*Feathers v. State,*
   No. 14-02-00188-CR, 2002 WL 1958274 (Tex. App.--Houston
   [14th Dist.] Aug. 22, 2002, no pet.) (not designated for publication) ........................3

*Hayes v. State,*
   No. 04-14-00878-CR, No. 04-14-00879, 2015 WL 3615782 (Tex. App.--San
   Antonio June 10, 2015, no pet. h.) (not designated for publication) ..........................3

*Holmes v. State,*
   No. 05-91-01257-CR., 1993 WL 189557 (Tex. App.--Dallas
   June 3, 1993, pet. ref'd) (not designated for publication) .......................................3

*Lundgren v. State,*
   434 S.W.3d 594 (Tex. Crim. App. 2014)...............................................................3

*Meeks v. State,*
   Nos. 05-91-01296-CR., 1993 WL 147082 (Tex. App.--Dallas
   May 4, 1993, pet. ref'd) (not designated for publication)........................................3

*Padgett v. State,*
   764 S.W.2d 239 (Tex. Crim. App. 1989)...............................................................2

*Soto v. State,*
   837 S.W.2d 401 (Tex. App.-- Dallas 1992, no pet.)................................................3

## STATUTES

TEX. CODE CRIM. PROC. art. 44.02 (West 2006) ................................................................. 3

## RULES

TEX. R. APP. P. 21 ................................................................................................................ 3

TEX. R. APP. P. 25.2(a)(2) .................................................................................................. 3

TEX. R. APP. P. 38.2(a)(1)(A) ............................................................................................ ii

TEX. R. APP. P. 39.7 .............................................................................................................. i

# TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

## STATEMENT OF THE CASE

Appellant was charged with four counts of aggravated robbery, all arising out of one criminal transaction. (RR I[1] 5, 6). On December 4, 2013, appellant pled guilty to two charges of aggravated robbery and submitted to a pre-sentence investigation. (RR I 5, 6, 8). A hearing was held on January 28, 2014. (RR II). On September 9, 2014, appellant was sentenced to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice. (RR III 8).

## STATEMENT OF THE PROCEDURAL HISTORY

After appellant's sentencing, a timely motion for new trial was filed. The motion was overruled by operation of law. Appellant filed an appeal, alleging that the trial court abused its discretion in failing to conduct a hearing on appellant's motion for new trial because the motion raised issues not determinable simply by examining the record, and those issues could have entitled appellant to relief. Appellant also alleged that the trial court abused its discretion in allowing the motion to be overruled by operation of law because appellant has established, by a preponderance of the evidence, that appellant's plea of guilty to aggravated robbery was not substantiated by the evidence, as required by Texas Code of Criminal Procedure article 1.15.

---

[1] There are three reporter's records. The record from the plea proceeding will be referred to as RR I. The record from the pre-sentence investigation hearing will be referred to as RR II. Finally, the record from the sentencing hearing will be referred to as RR III.

On June 10, 2015, the appellate court dismissed the appeal for lack of jurisdiction. *Hayes v. State*, No. 04-14-00878-CR, No. 04-14-00879-CR, 2015 WL 3615782 (Tex. App.--San Antonio June 10, 2015, pet. filed) (not designated for publication) (Appendix A). This petition is timely if filed by July 27, 2015. Appellant is filing an extension requesting one additional day be granted for filing.

## GROUNDS FOR REVIEW

**When a defendant waives his right of appeal as part of a plea bargain, does he also waive his right to appeal the denial of a motion for new trial when he did not also waive his right to raise points of error in a motion for new trial?**

A defendant may be precluded from presenting certain issues on appeal, but he may not be denied his general right of appeal. *Padgett v. State*, 764 S.W.2d 239, 241 (Tex. Crim. App. 1989). This case presents a fairly unique set of circumstances wherein appellant is attempting to appeal the denial of his motion for new trial. Specifically, appellant alleges that the trial court erred in failing to hold a hearing on the motion and that the court abused its discretion in overruling the motion for new trial because there was no evidence to substantiate appellant's pleas in accordance with 1.15 of the Texas Penal Code.

At least one appellate jurisdiction has allowed a defendant to appeal the denial of a motion for new trial despite a valid waiver of the right to appeal. *See Davis v. State*, 832 S.W.2d 356 (Tex. App.--Dallas 1992, no pet.) (holding that, even if an appellant fails to include the grounds of appeal from rule 40(b)(1) [now 25.2(a)(2),

2

(b)(3)], an appellate court may nonetheless consider error occurring after entry of the guilty plea, such as denial of a motion for new trial); *Soto v. State*, 837 S.W.2d 401 (Tex. App.-- Dallas 1992, no pet.); *Holmes v. State*, No. 05-91-01257-CR., 1993 WL 189557 (Tex. App.--Dallas June 3, 1993, pet. ref'd) (not designated for publication); *Meeks v. State*, Nos. 05-91-01296-CR., 1993 WL 147082 (Tex. App.--Dallas May 4, 1993, pet. ref'd) (not designated for publication); *but see Feathers v. State*, No. 14-02-00188-CR, 2002 WL 1958274, at *1 (Tex. App.--Houston [14th Dist.] Aug. 22, 2002, no pet.) (not designated for publication) (disagreeing with the majority in *Davis*).

Article 44.02 of the Texas Code of Criminal Procedure and Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provide authority for a defendant to appeal a criminal conviction. TEX. CODE CRIM. PROC. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). The right to file a motions for new trial is addressed in Rule 21 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 21. Accordingly, this Court has held that "motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial." *Lundgren v. State*, 434 S.W.3d 594, 600 (Tex. Crim. App. 2014). What full legal effect is a motion for new trial when a denial of the motion is provided no appellate review?

Appellant raises a specific legal argument that there was no evidence that he, or his co-defendants, used or exhibited a deadly weapon during the course of the robbery. This claim is corroborated by the fact that both of appellant's co-defendants

3

were allowed to plea to the reduced charge of robbery. There is nothing in the record to suggest that either of the men were any less culpable that appellant.

Appellant's claims raise a fairly complex and fact-specific legal issue that appellant could not have anticipated at the time he pled to the offenses and purportedly waived his right of appeal. This is especially true if appellant received deficient or incorrect counsel during the time of his plea. Thus, even if appellant waived his right of appeal, such waiver was not knowingly or intelligently waived.

The sufficiency of evidence to support a judgment of conviction based on a guilty plea in a felony case may be challenged on appeal under article 1.15. *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). However, such a challenge cannot be raised by collateral attack through habeas corpus. *Id.* And it has been frequently held that the writ of habeas corpus cannot be used as substitute for or to usurp the function of an appeal. *Ex parte McGowen*, 645 S.W.2d 286 (Tex. Cr. App. 1983); *Ex parte Powell*, 558 S.W.2d 480 (Tex. Cr. App. 1977).

Since appellant raises questions regarding the sufficiency of the evidence, he has no other remedy at law other than motions for new trial and appellate review of the denial of the motions. To deny him this right is not only contradictory to established case law, but denies him due process and due course of law under the United States and Texas constitutions.

4

## CONCLUSION

It is respectfully requested that this petition be granted, the Fourth Court of Appeals' order of dismissal be reversed, and appellant's appeals be reinstated.

/s/ Mandy Miller
MANDY MILLER
Attorney for Mathew Douglas Hayes
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846

## CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that appellant's petition for discretionary review, filed on July 28, 2015, has 1,752 words based upon a word count under MS Word.

/s/ Mandy Miller
MANDY MILLER
Attorney for Matthew Douglas Hayes
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846

## CERTIFICATE OF SERVICE

Appellant has sent a copy of the foregoing instrument to counsel for the State of Texas at the following electronic mail addresses:

Amanda Byrd
Amanda.Byrd@bexar.org
Bexar County District Attorney's Office

Lisa McMinn
State Prosecuting Attorney
lisa.mcminn@spa.state.tx.us

/s/ MANDY MILLER
MANDY MILLER
Attorney for Matthew Douglas Hayes
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846

# Appendix A



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00878-CR
No. 04-14-00879-CR

Matthew Douglas **HAYES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10841W
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:　Sandee Bryan Marion, Chief Justice
　　　　　Karen Angelini, Justice
　　　　　Jason Pulliam, Justice

Delivered and Filed: June 10, 2015

DISMISSED

Appellant, Matthew Hayes, entered into a plea agreement in two separate cause numbers whereby he pled guilty to two charges of aggravated robbery with a deadly weapon under each cause number (for a total of four counts). Hayes subsequently perfected two separate appeals under each of the two cause numbers: 04-14-878-CR (878 appeal) and 04-14-879-CR (879 appeal).

On April 1, 2015, the State filed a notice and motion for correction in both appeals, in which it asserted Hayes waived his right to appeal in the 878 appeal as part of his plea bargain.

The State asserted that although the trial court admonished Hayes regarding waiver of his right to appeal, the form signed by the trial court is ambiguous, in that the trial court's marking appeared in the space between that granting permission to appeal and that stating there is no right to appeal. The State requested this court obtain a corrected certification from the trial court indicating appellant has no right to appeal in the 878 appeal. Appellant responded to the State's motion on April 20, 2015. In his response, appellant asserted the trial court granted permission to appeal in the 879 appeal, and thereby intended to, and did, grant permission to appeal in the 878 appeal as well.

On April 28, 2015, this court granted the State's Motion for Correction and Motion to Abate filed in both appeals, the 878 appeal and the 879 appeal. This court ordered the trial court to file a supplemental clerk's record in the 878 appeal to include a corrected "Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W and which clearly indicated whether the trial court granted Hayes permission to appeal or whether there is no right to appeal.

On May 20, 2015, the trial court filed a supplemental clerk's record in both the 878 and the 879 appeal to include an "Amended Trial Court's Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W (878 appeal) and 2013-CR-10842W (879 appeal). The amended certifications filed in both appeals are identical, and on each, the trial court clearly indicates both appeals originated from a plea bargain case, and Hayes has no right to appeal. The trial court also included a handwritten notation stating, "Orig cert. checked by Defendant's atty in error. Ct never gave Defendant permission to appeal."

Texas Rule of Appellate Procedure 25.2(d) provides an appeal "must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record…." TEX. R. APP. P. 25.2(d). In this case, the clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended and agreed to by the

- 2 -

defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

In light of the record presented and based upon the amended certification filed in both the 878 appeal and the 879 appeal, this court allowed appellant Hayes the opportunity to respond to show cause why his appeals should not be dismissed pursuant to Appellate Rule 25.2(d). Appellant Hayes responded, stating, the evidence did not support a finding that he used a deadly weapon, and his claims are so complex, the waiver of his right to appeal was not entered knowingly or intelligently. However, this response does not address the issue whether dismissal is required under Rule 25.2.

Therefore, in light of the record presented, appellant has no right of appeal in either the 878 or the 879 appeal. Therefore, Appellate Rule 25.2(d) requires this court to dismiss these appeals. TEX. R. APP. P. 25.2(d).

Accordingly, appeals No. 04-14-00878-CR and No. 04-14-00879-CR are dismissed. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH